IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT BRYANT, JR,** | ) | |
| ID #1419907, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:23-CV-1537-X-BH |
| | ) | |
| **FNU VILLALOBOS, Warden,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on July 6, 2023 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

Robert Bryant, Jr. (Petitioner), currently an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2007 conviction and sentence in Case No. F-0373676-Y in Dallas County, Texas.[2]  (*See* doc. 3 at 1.)  He names the Warden of his place of incarceration as the respondent.  (*See id.*)

In February 2006, after Petitioner pled guilty under a plea agreement to aggravated sexual assault of a child under 14 in Case No. F-0373676-Y in the Criminal District Court No. 7 of Dallas County, Texas; the trial court deferred adjudication and placed him on a 10-year period of

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Petitioner also challenged his conviction and sentence in a companion case, Case No. F-0373675-Y in Dallas County, Texas. (*See* doc. 3 at 1.) Because he had previously challenged that conviction under § 2254, making his challenge to that conviction successive, but he had not previously challenged his conviction in Case No. F-0373676-Y, his challenge to Case No. F-0373676-Y was severed so that it could proceed separately in this action. (*See* doc. 5); *Bryant v. Villalobos*, No. 3:23-CV-1509-X-BH (N.D. Tex. July 6, 2023), doc. 6.

community supervision. *See Order of Deferred Adjudication: Community Supervision*, *State v. Bryant*, No. F-0373676-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex. Feb. 21, 2006). The state filed a motion to proceed with an adjudication of guilt in October 2006, based on Petitioner's alleged violations of several conditions of his community supervision. *See Motion to Revoke Probation or Proceed to Adjudication of Guilt*, *Bryant*, No. F-0373676-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex. Oct. 2, 2006). On February 1, 2007, Petitioner pled true to the violations, was adjudicated guilty, and was sentenced to 75 years' imprisonment in the TDCJ-CID. *See Judgment Adjudicating Guilt*, *Bryant*, No. F-0373676-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex. Feb 1, 2007). The judgment was affirmed on direct appeal. *See Bryant v. State*, Nos. 05-07-00324-CR, 05-07-00325-CR, 2008 WL 1850775, at *1, 5 (Tex. App.—Dallas, Apr. 28, 2008, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review (PDR) on October 1, 2008, and issued its final disposition refusing the PDR on November 6, 2008. *See Bryant v. State*, No. PD-0718-08 (Tex. Crim. App. Oct. 1, 2008). His state habeas application, received by the Texas Court of Criminal Appeals on May 29, 2009, was denied without written order on the findings of the trial court without a hearing on June 10, 2009. *See Ex parte Bryant*, No. WR-72,112-02 (Tex. Crim. App. June 10, 2009).

Petitioner's § 2254 petition raises the following grounds for relief:

(1) Under Texas code of criminal Procedure Art. 11.073. [sic] (Newly discovered evidence);

(2) Michael Morton Act S.B. 1611;

(3) Due Process Violations 5, 6, 8, 14, Fair Trial By constitutional Law; and

(4) Ineffective Assistance of counsel.

(doc. 3 at 5-10.)

## II.    STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction in Case No. F-0373676-Y became final for purposes of § 2244(d)(1)(A) no later than February 4, 2009, after the expiration of the 90-day period to file a petition for a writ of certiorari with the Supreme Court following the Texas Court of Criminal Appeals' final disposition refusing his PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("finality [is] established by the expiration of the ninety-day period to seek

further review with the Supreme Court."). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not identified any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, February 4, 2009. Petitioner filed this habeas action over fourteen years later. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

**A.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state habeas application was received by the Texas Court of Criminal Appeals on May 29, 2009, and denied on June 10, 2009. *See Ex parte Bryant*, No. WR-72,112-02 (Tex. Crim. App. June 10, 2009. Even assuming out of an abundance of caution that the limitations period was tolled from the latest date his conviction could have become final, February 4, 2009, to June 10, 2009, when his state habeas application was denied, Petitioner would have had until June 10, 2010, to timely file his federal habeas petition. He did not file his § 2254 petition until over 13 years later. Statutory tolling does not save the petition.

    **B.**    <u>**Equitable Tolling**</u>

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if she shows that: (1) "[s]he has been pursuing [her] rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner appears to argue that the limitations period should be equitably tolled because "I know I am mentally ill[.]" (doc. 3 at 13.) He states, "So one year I remember part of my case, then new treatment made be [sic] forget everything." (*Id.*) He claims that he "was on treatment when I got this case and my counsel actted [sic] like I was not and I am still on treatment, every week, I see a doctor." (*Id.* at 14.) He states, "In a day or so, I will have forgot what I wrote

and this is justice, 75 years for not being in your right mind, messed up by the United States military?" (*Id.*)

For mental illness to "warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition[ ]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (citing cases). Petitioner has not made this showing. In arguing for equitable tolling, he offers only unsupported, conclusory allegations of mental illness causing him to forget; such allegations are insufficient to warrant equitable tolling. *See Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008); *Crawford v. Davis*, No. 3:18-CV-1486-B-BK, 2018 WL 7078540, at *2 (N.D. Tex. Dec. 27, 2018), rec. adopted, 2019 WL 266886 (N.D. Tex. Jan. 18, 2019) (collecting cases declining equitable tolling based on unsubstantiated allegations that mental health issues prevented a timely § 2254 filing). As discussed, Petitioner filed a state habeas application challenging his underlying state conviction within the federal one-year limitations period. *See Ex parte Bryant*, No. WR-72,112-02 (Tex. Crim. App. June 10, 2009). He has provided no facts or evidence showing that his alleged mental illness rendered him incompetent during the limitations period, and that said incompetence was sufficiently severe to affect his ability to file a timely habeas petition. He therefore fails to show that any rare and extraordinary circumstance prevented a timely filing, and he has not satisfied his burden to show that equitable tolling is warranted.

**C.**     **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim

must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner has failed to satisfy this high bar. He appears to claim actual innocence of the underlying offense of conviction based on the allegation that his "family will tell you, my nieces lied, that's why they didn't show up for trial two times." (doc. 4 at 4.) He also claims that there "was no D.N.A. because they [his nieces] refused to be tested, I was lied on because I refuse [sic] to let them abuse their mother, who was on drugs." (*Id.*) Petitioner has not shown the existence of any new, reliable evidence that was not presented at trial. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"). Nor do his unsupported allegations present evidence of actual innocence of the underlying offense. Accordingly, Petitioner cannot overcome the applicable AEDPA limitations

period on the basis of alleged actual innocence, and his § 2254 petition should be denied as untimely.

### III. RECOMMENDATION

The *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on July 6, 2023 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 16th day of November, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE